GARDEN, JUDGE:
South York Street on Wheeling Island in Wheeling, West Virginia, generally runs in a north-south direction. It passes beneath 1-70 which is elevated over Wheeling Island and runs in an east-west direction. To keep trespassers away from the piers and abutments of 1-70, the respondent erected a chain-link fence on both sides of South York Street. On the west side of South York Street, the fence stands eight feet west of and parallel to the westerly curb line of South York Street. To provide ingress and egress to the fenced-off area, the respondent installed a 12-foot gate in the chain-link fence. As a result, when the gate is fully opened in the direction of South York Street, it extends three feet into South York Street.
On July 8, 1980, the claimant’s insured, Barbara A. Howe, legally parked her 1980 Chevrolet pickup truck on the west side of South York Street. Sometime later, Ms. Howe returned to her truck and found that the gate had been opened and was resting against the right side of her truck. Ms. Howe was unable to state who had opened the gate, which resulted in damage to the right side of her truck in the amount of $154.50. Ms. Howe was paid the amount of the damage under the comprehensive provision of her insurance policy with the claimant. She also signed a subrogation receipt on March 5, 1981, authorizing the claimant to file this claim against the respondent in order to recoup its loss.
*72 Lara Bishop, respondent’s supervisor of interstate employees and facilities in Ohio County, testified on behalf of the respondent. She testified that she was quite familiar with the gate in question and that it was the respondent’s policy to keep the gate locked; however, due to vandalism, sometimes the lock would be broken. Ms. Bishop recalled being notified by a Mr. Graham, who apparently had been contracted by Ms. Howe, that the gate was unlocked, and that she, Ms. Bishop, sent a man over and had a new lock put on the gate. She further testified that she had no prior knowledge that the gate was unlocked.
In order to sustain an award in this case, it is necessary for a claimant to prove by a preponderance of the evidence that the respondent was guilty of negligence which proximately caused the damage to the vehicle of claimant’s insured. There was a complete failure on the part of the claimant to establish such negligence; therefore, this claim must be disallowed.
Claim disallowed.